UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QIU L. GONG,

        Plaintiff,

    v.

MBNA AMERICA BANK,

        Defendant.

CASE NO. C04-2115JLR

ORDER

## I.    INTRODUCTION

This matter comes before the court on Defendant MBNA America Bank's ("MBNA") Motion to Dismiss (Dkt. # 12). Having read and considered all papers filed in support of and in opposition to these motions,[1] the court GRANTS Defendant's motion.

## II.    BACKGROUND

Plaintiff Qiu Gong ("Gong") opened a credit card account with Defendant MBNA in 1995. MBNA amended the credit card agreement a few years later to include a

---

[1] On December 20, 2004, Gong prematurely filed a response in opposition to a motion to dismiss which the court struck as moot because MBNA had not yet filed such a motion (Dkt. # 10). The court has reviewed this response in considering MBNA's motion to dismiss in light of Gong's failure to file an opposition to the present motion.

ORDER – 1

binding arbitration provision that went into effect in February 2000. In April 2004, pursuant to the amended credit card agreement, MBNA filed a claim against Gong in the National Arbitration Forum ("the Forum") to collect the balance due on Gong's credit card. The Forum entered an award for MBNA in the amount of $19,415.80 against Gong. Thereafter, MBNA filed a petition and a motion to confirm the arbitration award in Whatcom County Superior Court. Gong filed a motion to stay proceedings in state court and a motion to vacate the arbitration award in this court (Dkt. # 3).[2] Gong claims the arbitration award should be vacated because the original credit card agreement between the parties contained neither a provision allowing MBNA to amend the agreement, nor an arbitration provision, and further because he never received notice of an amendment to the original agreement requiring arbitration. MBNA seeks to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## III.   DISCUSSION

### A.   Legal Standard

On a motion to dismiss for lack of subject matter jurisdiction, the moving party may challenge jurisdiction on the face of the pleadings or by presenting extrinsic evidence. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Where jurisdiction and the merits are intertwined, the court must "assume[] the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." Id. (quoting Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

In the Ninth Circuit, it is "well established that even when a petition is brought under the Federal Arbitration Act (FAA), a petitioner seeking to confirm or vacate an

---

[2]The court construed Gong's motion to vacate as a complaint and directed MBNA to file an answer under Fed. R. Civ. P. 12. Minute Order, Dkt. # 5, at 1.

ORDER – 2

arbitration award in federal court must establish an independent basis for federal jurisdiction." Carter v. Health Net of California, Inc., 374 F.3d 830, 833 (9th Cir. 2004) (citing Southland Corp. v. Keating, 465 U.S. 1, n.9 (1984)); Moses H. Cone Mem'l Hosp. v. Mercury Constr., 460 U.S. 1, 25 n.32 (1983) (recognizing that FAA does create federal question jurisdiction under 28 U.S.C. § 1331).

**B.      Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Gong's complaint seeks an order vacating the arbitration award on the ground that the "arbitration was entered in and for MBNA without any authority and beyond the scope of the power of the arbitrator." Compl. at 1. The complaint alleges that jurisdiction is proper pursuant to 9 U.S.C. §§ 10 and 12. Although sections 10 and 12 of the FAA provide notice requirements and grounds on which an arbitration award may be vacated by a court, neither provides independent federal question jurisdiction. Carter, 374 F.3d at 835 ("[Section] 10 of the FAA . . . does not create federal question jurisdiction . . . ."); 9 U.S.C. § 12 (providing notice requirements only).

Gong's contention that federal question jurisdiction exists based on MBNA's alleged failure to provide him with notice of the arbitration amendment, in alleged violation of the Fifth and Fourteenth Amendments, lacks merit. The Due Process Clause in both amendments generally applies to actions of state and federal governments, and not private persons. Geneva Towers Tenants Org. v. Federated Mortgage Investors, 504 F.2d 483, 487 (9th Cir. 1974); see also Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). There is nothing in the record suggesting that MBNA is a state actor and therefore subject to the requirements of federal due process. Thus, the court grants MBNA's motion to dismiss for lack of subject matter jurisdiction.

In addition, the court denies Gong's alternative motion to enlarge time to vacate the arbitration award in state court by 30 days. Given that the court lacks subject matter

ORDER – 3

jurisdiction over this case, it does not have the power to extend such a deadline in state court.

## IV.   CONCLUSION

For all of the reasons stated above, the court GRANTS Defendant's Motion to Dismiss (Dkt. # 12).  Plaintiff's claims are DISMISSED with prejudice.

DATED this 22nd day of April, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4